1

2

3

4

5

6

7

8

9

10                                    UNITED STATES DISTRICT COURT

11                                    CENTRAL DISTRICT OF CALIFORNIA

12

13   TOM STULL,                            )
                                           )
14                 Petitioner,             )
                                           )          CASE NO. CV11-7493-R (VBKx)
15          vs.                            )
                                           )          FINDINGS OF FACT AND
16   MICHAEL FOX, et al.,                  )          CONCLUSIONS OF LAW
                                           )
17                 Respondents.            )
                                           )
18   _____)

19          The motion of Respondent Michael Fox ("Fox") for an order partitioning the assets of the

20   Vida Nueva partnership came on regularly for hearing at 10:00 a.m. on March 19, 2012, with

21   Respondent Fox represented by Glenn Trost and Michael Thompson, and Tom Stull ("Stull") and

22   Kevin Beer ("Beer") represented by Julian Pollack. After considering the papers filed with the

23   Court in connection with the motion, as well as the argument of counsel at the hearing, the motion

24   should be and is hereby GRANTED and the Court FINDS and CONCLUDES as follows:

25          1.     This matter is before the Court on the basis of a petition filed by petitioner Stull

26   and naming as respondents Fox, Beer and a Doe Partnership. The petition seeks judicial

27   supervision of the dissolution and winding up of the Doe Partnership, which was the subject of the

28   judgment in an underlying action. The Court in that action made findings concerning the existence

and terms of a partnership agreement with respect to property in Panama known as Vida Nueva, as well as other partnership assets. (Findings of Fact and Conclusions of Law, Docket N. 90 in Case No. CV-09-6081-R, a copy of which is attached as Exhibit A to the Complaint attached to the Notice of Removal herein as Exhibit A.) The partners of that partnership, which Stull named herein as "Doe Partnership" but which is more commonly referred to as the Vida Nueva partnership, are Stull, Beer and Fox.

2.     Fox and Stull have formally appeared through counsel in this action. The third partner, Beer, has not directly appeared, although Beer testified in the underlying proceedings that he was an employee of Stull, whose counsel sometimes purports to speak on Beer's behalf. (Docket Nos. 18, 24.) Both Stull and Fox have sought relief from the Court without separately serving Beer with their papers. (E.g., Docket Nos. 24, 25, 26, 29.) As the petitioner, it is Stull's burden to summon Beer in connection with these proceedings. Accordingly, as set forth below, Stull is directed to file within 10 days of this Order proof of service on Beer of the Summons and Petition herein as well as this Order. If Beer wishes to participate in these proceedings he can then make a formal appearance and file an Answer to the Petition. Otherwise, these proceedings will continue without Beer's direct participation.

3.     Stull has twice sought the Court's approval of a sale of the main asset of the Vida Nueva partnership. The first request valued the Vida Nueva development at $6 million. (Docket No. 17.) The second such request valued the Vida Nueva development 25% higher, at $7.5 million. (Docket No. 29.) The Court denied the first request, and the second was rendered moot by the present Order. (Docket Nos. 20, 23, 31.)

4.     As reflected in the Findings and Conclusions in the underlying action, "it is clear that it is no longer reasonably practicable to carry on the business venture Vida Nueva as a partnership. As such, the partnership is dissolved, and its business shall be wound up." (Findings of Fact and Conclusions of Law, ¶ 52.) Elsewhere in the findings, the Court concluded that "continuing the partnership is no longer reasonably practicable," and for that reason the Court ordered "the winding up of the partnership." (Findings of Fact and Conclusions of Law, ¶ 60.) The Court also noted that "Any partner may apply for judicial supervision of the winding up." (Id.)

2

5. The rationale underlying those conclusions has been confirmed in the present proceedings, as Stull has repeatedly attempted to press for a quick sale of the Vida Nueva development at prices that would see Stull retain the lion's share of the sales proceeds, with the other partners receiving little or nothing. (E.g., Docket No. 27, p. 3 of 14, where Stull asserts an entitlement to at least the first $5,115,000 of any net sales proceeds, after sales commissions and other costs of sale are paid.) The partners also have vastly different views of the value of the partnership property, and of the best time and method of selling that property. (E.g., Docket Nos. 17, 18, 29, 30.)

6. The Court concludes that the most equitable solution is to partition the partnerships assets so that each individual partner will have sole title to a portion of the partnership assets representing his proportionate share of partnership assets, with Beer and Fox's individual parcels remaining subject to the obligation to pay to Stull their respective share of the amount owed to Stull under the partnership agreement. This solution will permit the partners to go their own ways, without the need for further dealings except as required under the deed restrictions set forth herein and the law generally applicable to owners of adjoining parcels.

7. Stull argues in opposition to partition that the Court's Findings and Conclusions in the underlying case renounced any court's power to order partition now. (Docket No. 27, pp. 2-6.) The relevant findings, which are quoted above, direct the dissolution and winding-up of the Vida Nueva partnership but do not purport to constrain the power of any supervising court (whether this Court or another one having jurisdiction) to make appropriate orders in any proceedings for supervising that process. Indeed, questions (such as partition) involving the details of any eventual dissolution and winding-up were not even before the Court at the time.

8. Stull next argues in his opposition that the remedy of partition is not ever available as a matter of California law in connection with the dissolution of a partnership. (Docket No. 27, pp. 6-8.) In making that argument, Stull points to Section 16402 of the California Corporations Code, which states "A partner has no right to receive, and may not be required to accept, a distribution in kind." Section 16402 is part of Article 4 of the Uniform Partnership Act, which governs "relations of partners to each other and to the partnership," while the provisions governing

3

dissolution and winding-up of partnerships are set forth in Article 8. While the provisions of Article 8 certainly contemplate cash distributions, e.g., Cal. Corp. Code § 16807(a) ("Any surplus shall be applied to pay in cash the net amount distributable to partners …."), they do not expressly state that partition is not an available remedy in a dissolution proceeding or that cash is the only permissible medium for allocating partnership property among the partners in connection with the winding-up of the partnership.

9.     In contrast, another California statute expressly provides that partition is an available remedy in any proceeding related to the dissolution of a partnership:

> To the extent that the court determines that the provisions of this title [Title 10.5, Partition of Real and Personal Property] are a suitable remedy, such provisions may be applied in a proceeding for partnership accounting and dissolution, or in an action for partition of partnership property, where the rights of unsecured creditors of the partnership will not be prejudiced.

C.C.P. § 872.730. Indeed, the statute provides that partners such as Fox – who have an interest in partnership assets concurrent with the interests of the other partners – are entitled to partition as a matter of right, subject only to the above-quoted constraint that unsecured creditors not be prejudiced. C.C.P. § 872.710(b) ("Except as provided in Section 872.730, partition as to concurrent interests in the property shall be as of right unless barred by a valid waiver").

10.     One of the cases Stull cites to support his argument, Swarthout v. Gentry, 62 Cal. App. 2d 68 (1943), expressly recognizes the power of the Court to order a partition or in-kind division of partnership assets in connection with the winding-up of a partnership, at least in circumstances where third parties are not prejudiced and a partition would be fair to all partners. Swarthout, 62 Cal. App. 2d at 83.

11.     At oral argument, Stull further argued that California's version of the Uniform Partnership Act was enacted 1994, which is after the 1976 enactment of the partition statute, and accordingly that the later provision must take precedence over the earlier one. The Court is not persuaded by this argument. As noted above, Section 872.730 specifically provides that partition is an available remedy in the situation now before the Court, while Section 16807(a) is a more general provision and it is uncertain whether or not it is intended to apply in these circumstances. "It is well settled … that a general provision is controlled by one that is special, the latter being

4

treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." Rose v. California, 19 Cal. 2d 713, 723-24, 123 P.2d 505 (1942).

12.    Stull also argues in opposition to partition that Fox has not met the "statutory prerequisites" for such a remedy. (Docket No. 27, pp. 8-11.) Stull raises only one substantive objection in this portion of his Opposition – that because Fox does not personally own an "estate" in the real property in question, he is not a person authorized to seek partition under C.C.P. § 872.210(a). (Docket No. 27, pp. 8-9.) But, as discussed above, the right to partition in the context of a partnership dissolution is based on Section 872.730 and not on Section 872.210(a).

13.    Stull's remaining arguments are not directed to the Court's substantive power to order partition as distinct from the procedures to be followed in considering that substantive right. The provisions that Stull cites to relate to the form of pleadings, the venue of the action and other procedural rules that have no applicability in this federal court, whose procedures are defined by federal and not state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

14.    Stull's final argument against partition is based on the false premise that Stull has a more direct interest in the partnership assets than do Beer and Fox, who (according to Stull) "have interests only in the profits of the partnership." (Docket No. 27, p. 12.) This is a reprise of Stull's argument in the underlying proceedings that Fox was a commissioned salesman with a profit participation – an argument rejected by the Court when it found that Fox was a full partner of the partnership along with Beer and Stull; and that, although a company controlled by Stull holds title to the real property, Stull controls the property in his capacity as a partner and the property is a partnership asset. (Findings of Fact and Conclusions of Law, ¶¶ 20, 47.)

15.    Because the three partners are equally situated, there is no reason that the real property (almost all of which is undeveloped or at best partially developed acreage) cannot be divided in kind so that after partition each of the three partners will hold sole title to his own individual parcel. The practical problems hypothesized by Stull (Docket No. 27, p. 12) are

inconsistent with the basic reality that after partition the parties will no longer be partners and the legal relationships among the former partners will be limited and defined by deed restrictions coupled with the law applicable to neighboring landowners.

16.     There are no material debts to third parties. As provided, the partnership is directed to satisfy any remaining third-party debts as part of the partition implementation.

17.     Neither Stull nor Beer has advised the Court of any obligations due or to become due as a result of partition. No partner will be prejudiced or treated unfairly by partition. The partnership agreement requires Stull to fund partnership operations, with Stull having first claim to 110% of those costs from any partnership revenues. (Findings of Fact and Conclusions of Law, ¶¶ 16((b) and (c).) That right, and the corresponding obligations, will be preserved in the partition ordered below.

18.     The ordered partition also preserves the partners' respective shares while remaining workable. The 42.5/42.5/15 shares can be effectively implemented when the property is divided into 40 sub-parcels of equal value, with Stull and Fox each selecting 17 sub-parcels and Beer selecting the remaining six. The selection procedures described have five "rounds" of seven sections each, plus a final round of five selections, for a total of 40 selections. Beer selects in the middle of each round, and Stull and Fox each have three selections per round (two for the last round) essentially evenly divided between those before and after Beer's selection in each round. The combination of a relatively large number of sub-parcels, each having roughly equal value, and the balanced selection order will ensure that each partner achieves his proportionate share of the total value.

19.     For the foregoing reasons, the Court finds that partition is the most equitable remedy.

Dated:  April 11, 2012.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

6